**BLOCK INDUSTRIES, a corporation,
Appellant,**

v.

**DHJ INDUSTRIES, INC., a corporation, et al., Appellees.**

**No. 73–1764.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1974.

Decided April 10, 1974.

Murray Ogborn, Aberdeen, S. D., for appellant.

Mart R. Vogel, Fargo, N. D., for appellees.

Before GIBSON, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

In this appeal, Block Industries, defendant in a personal injury action below, seeks reversal of an order of the District Court dismissing four foreign corporations which Block had attempted to join as third-party defendants. We affirm.

Larry Allen Ham, plaintiff below, filed a complaint in the United States District Court for the District of South Dakota seeking $750,000 in damages for personal injuries suffered when a shirt, manufactured by Block, was ignited, causing severe burns. The accident occurred in South Dakota, plaintiff's residence. Block is a North Carolina corporation, and jurisdiction was based upon diversity of citizenship. 28 U.S.C. § 1332.

Thereafter, Block filed a third-party complaint, naming as third-party defendants four fabric manufacturers, all nonresidents of South Dakota and all having their principal places of business outside that state: DHJ Industries,

Inc.; Klopman Mills; Spring Mills and Greenwood Mills, Inc. The third-party complaint alleged that any negligence proximately causing the injury to plaintiff was "that of the Third-Party Defendants who designed, manufactured and placed into the stream of commerce the fabric and material used in the manufacture of the shirt referred to in Plaintiff's Complaint." Alternatively, Block alleged breaches of express and implied warranties by the third-party defendants.

Each third-party defendant, either by motion to dismiss or by answer, challenged the in personam jurisdiction of the court, asserted under South Dakota's long-arm statute, SDCL § 15–7–2 (1967).[1] In extensive affidavits, the third-party defendants averred that they had never conducted business in South Dakota and that their contacts with the state were so negligible as not to satisfy the requirements of due process. In its resistance to the motions to dismiss, Block contended that "one or more of the Third Party Defendants, depending upon the facts as they may develop in the course of the trial of this case, manufactured material and put the same in the stream of commerce of ultimate distribution in the State of South Dakota, which allegedly caused a tortious injury within the State of South Dakota."

The District Court found that "the record as a whole fails to show contacts minimal or otherwise", and that South Dakota's long-arm statute therefore could not be used to acquire personal jurisdiction.[2] We affirm the results reached by Judge Beck, but for somewhat different reasons.

In search of indemnity, Block has asserted long-arm jurisdiction over four fabric manufacturers. While its third-party complaint asserts joint tort liability on the part of all third-party defendants, it is obvious, and Block concedes on oral argument, that it has no knowledge or information upon which to base such allegations. Block obviously hoped to ascertain, by means of interrogatories, which, if any, of the fabric manufacturers did indeed produce the fabric which was incorporated in the shirt worn by the plaintiff. Such tactics are not unusual in day-to-day negligence litigation. Nothing in the federal rules precludes the naming of multiple defendants, only one of whom may prove to have been responsible. Rule 20, Federal Rules of Civil Procedure, provides that "* * * All persons * * * may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact, common to all defendants will arise in the action." The purpose of alternative joinder is thus explained by Professors Wright and Miller:

> The need for alternative joinder of defendants typically arises when the substance of plaintiff's claim indicates that he is entitled to relief from someone, but he does not know which of two or more defendants is liable under the circumstances set forth in the complaint.

7 C. Wright & A. Miller, Federal Practice and Procedure § 1654, at 278 (1972).

---

1. 15–7–2. *Acts within the state subjecting persons to jurisdiction of the courts.*—Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, or through an agent, of any of the following acts:
   (1) The transaction of any business within the state;
   (2) The commission of any act which results in accrual within this state of a tort action; * * *

2. In so concluding, the District Court found as fact from "undisputed" statements in the record, that "none of said [third-party] defendants manufactured the fabric which went into the shirt * * * *" In affirming the District Court, we in no way rely upon this finding, for the record discloses no such concession by Block, and Block's pleadings are all to the contrary.

While permissive joinder and alternative pleading is thus liberally construed in federal practice, personal jurisdiction must in each case be tested by the requirements of Rule 4, Federal Rules of Civil Procedure. *See* Mississippi Publishing Corp. v. Murphree, 326 U. S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); 7 J. Moore, Moore's Federal Practice ¶ 82.02 [1], at 82–3 (1974). In this case, service was obtained by means of the procedure authorized by the South Dakota long-arm statute and made applicable to federal litigation by Fed.R.Civ.P. 4(e). The validity of such service in any particular case depends ultimately upon the jurisdictional facts contained in the record, together with the requirements of the forum's long-arm statute and any limitations imposed thereon by the due process clause of the Fourteenth Amendment.

The Supreme Court of South Dakota has expressed its belief that "the legislature by enacting the 'long arm' statute intended to provide South Dakota residents with maximum protection of South Dakota courts from damages and injuries occasioned them through the acts or omissions, both contractual and tortious, of a nonresident when that nonresident has had the necessary minimal contacts with the state to comply with federal due process." Ventling v. Kraft, 83 S.D. 465, 161 N.W.2d 29, 34 (1968); *see also* Kulm v. Idaho First National Bank, 428 F.2d 616 (8th Cir. 1970).

In this circuit, personal jurisdiction under long-arm statutes must meet due process requirements governed by the following general guidelines: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the forum state; (4) the interest of the forum state in providing a forum for its residents; (5) the convenience of the parties. Electro-Craft Corp. v. Maxwell Electronics Corp., 417 F.2d 365, 368 (8th Cir. 1969). *See also* International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965).

In this appeal, Block has elected to let its case stand or fall upon the accrual of a tort in South Dakota, SDCL § 15–7–2(2) (1967); in oral argument it rightly abandoned its alternative claim of personal jurisdiction based upon the fabric manufacturers' alleged transaction of business within that state, SDCL § 15–7–2(1) (1967). When a plaintiff seeks to bring a defendant into court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that such defendant can be subjected to jurisdiction within the state. Williams v. Vick Chemical Co., 279 F.Supp. 833 (S.D. Iowa 1967). Once jurisdiction had been controverted or denied, Block had the burden of proving such facts. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Midwest Packaging Corp. v. Oerlikon Plastics, Ltd., 279 F.Supp. 816 (S.D.Iowa 1968). Although a plaintiff seeking to predicate long-arm jurisdiction on the accrual of a tort action within the forum state need not make a full showing on the merits that the nonresident defendant committed the tort, a prima facie showing is required to defeat a motion to dismiss for want of jurisdiction. Fisher v. First National Bank of Omaha, 338 F.Supp. 525 (S.D. Iowa). Appeal dismissed, 466 F.2d 511 (8th Cir. 1972); Midwest Packaging Corp. v. Oerlikon, *supra*; 4 C. Wright & A. Miller, Federal Practice and Procedure § 1068, at 250 (1969). *See also* Bland v. Kentucky Fried Chicken Corp., 338 F.Supp. 871 (S.D.Tex.1971); Alabama Great Southern R. R. Co. v. Allied Chemical Co., 312 F.Supp. 3, 8 n. 5 (E. D.Va.1970), rev'd on other grounds, 467 F.2d 679 (5th Cir. 1972).[3]

---

3. While in some cases it is more appropriate to test jurisdictional facts upon the proof adduced after full discovery, *see* Surpitski v. Hughes-Keenan Corp., 362 F.2d 254 (1st

The "prima facie showing" must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto. The record in the instant case discloses at most that each third-party defendant manufactured and sold to Block a fabric meeting the description of the cloth contained in Larry Allen Ham's shirt;[4] the record contains no showing that any of the third-party defendants were actually connected with the injury or that they had the requisite minimum contacts with South Dakota. The facts shown are insufficient to support an inference that all four third-party defendants can be subjected to jurisdiction within the state of South Dakota. *See* Williams v. Vick Chemical Co., *supra*. The nature and quality of contacts with the state of South Dakota by any of the third-party defendants are woefully undemonstrated.

In this respect, Judge Beck correctly held that Block Industries had failed to meet its burden. The trial court correctly found that the contacts were too minimal to support in personam jurisdiction. Implicit in the application of any long-arm statute are considerations of convenience, fairness and the avoidance of harassment. *See* 4 C. Wright & A. Miller, Federal Practice and Procedure § 1068, at 244 (1969). To require all four of these third-party defendants to respond in a foreign state upon nothing more than the allegations contained in this third-party complaint would open the door to uncontrolled harassment of a far more deleterious nature than would arise in litigation in which the parties were subject to service of process within the territorial jurisdiction of the court.[5]

Our holding does not preclude Block Industries from pursuit of its claim for indemnity. It has always had the capacity and ability as a defendant in the main lawsuit to require the fabric manufacturers to supply discovery by means of depositions. When it has ascertained the manufacturer of the fabric used in the shirt, it may, by leave of court, renew its third-party complaint against such manufacturer. We do not think, however, that it is appropriate, conscionable or contemplated by Fed.R.Civ.P. 4(e) that long-arm personal jurisdiction be acquired against multiple third-party defendants upon the mere possibility that one or more of them may have contributed to the defect or negligence which is the subject of the suit. While the pleadings may have been technically sufficient for the court to retain jurisdiction, the subsequent showing in resistance to the motion to dismiss was not, in view of the affidavits of the third-party defendants, of equal dignity.[6]

Affirmed.

---

Cir. 1966), or at trial, *see* Tetco Metal Products, Inc. v. Langham, 387 F.2d 721 (5th Cir. 1968), the court may properly address itself to the jurisdictional issue at any earlier stage of the proceedings where the affidavits and other exhibits presented on motion and opposition thereto make the issue ripe for early determination. *See* Malinow v. Eberly, 322 F.Supp. 594, 600 (D.Md. 1971).

4. Block submitted by affidavit a series of invoices showing sales to Block by the third-party defendants of fabric fitting the general description of the cloth contained in Larry Allen Ham's shirt. These invoices, however, contain descriptions of a great variety of fabrics and fail to indicate which, if any, might have reached consumers in South Dakota. Moreover, the only invoices reproduced in the appendix submitted on appeal show Spring Mills as seller; none of these invoices mention the other three third-party defendants.

5. Implicit in our holding is our approval of Judge Beck's dismissal of the third-party complaint without ordering further discovery to ascertain which, if any, third-party defendant actually made the fabric; this was within the sound discretion of the District Court.

6. One cannot escape the inference that at the heart of this controversy is an attempt to shift the cost and burden of discovery in the sure knowledge that some or all of the third-party defendants will be let out by court order or voluntary dismissal. This offends our notion of fundamental fairness.