Hillsborough
No. 6958

ENGINEERING ASSOCIATES OF NEW ENGLAND, INC.

v.

B & L LIQUIDATING CORPORATION

September 30, 1975

*McLane, Graf, Greene & Brown* and *Grenville Clark III (Mr. Clark* orally) for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *W. Wright Danenbarger* and *Larry B. Pletcher (Mr. Pletcher* orally) for the defendant.

LAMPRON, J. Action by plaintiff Engineering Associates of New England, Inc., a New Hampshire corporation with a prinicipal place of business in Manchester, against W. & L. E. Gurley, a New York corporation with a principal place of business in Troy, New York, later known as B & L Liquidating Corporation, to recover commissions allegedly earned under a sales representative agreement with Gurley. Service of plaintiff's writ, dated January 18, 1969, was made on the secretary of state pursuant to RSA 300:14 (1966), which was then in effect, and notice sent to Gurley at its office in Troy.

B & L Liquidating appeared specially and moved to dismiss plaintiff's action on the following grounds: (1) Defendant did not enter into a contract which was to be performed in whole or in part in New Hampshire; (2) defendant was not registered to do business and was not doing business in New Hampshire; and (3) Plaintiff's claim should have been brought in the New York court which was supervising the liquidation of B & L Liquidating, formerly W. & L. E. Gurley. Hearing before *King*, J., who reserved and transferred without ruling, on an agreed statement of facts, the question "whether the plaintiff has jurisdiction over and can sue B & L Liquidating Corporation, which was dissolved on January 21, 1969."

RSA 300:14 (1966) read in pertinent part as follows: "If a foreign corporation makes a contract with a resident of New Hampshire to be performed in whole or in part by either party in New Hampshire . . . such . . . [act] shall be deemed to be doing business in New Hampshire by such foreign corporation and shall be deemed equivalent to the appointment by such foreign corporation of the secretary of state of New Hampshire . . . to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against such foreign corporation arising from or growing out of such contract . . . ."

On August 4, 1961, plaintiff and Gurley entered into a written contract whereby plaintiff became defendant's sales representative for all the New England States including New Hampshire, excepting only Fairfield County in Connecticut. It is not disputed that plaintiff is a "resident" of New Hampshire within the statute. Under the terms of the contract, which was in effect between 1961 and 1968, plaintiff undertook the following obligations. It was to solicit orders for Gurley products in New Hampshire and in the rest of New England, and distribute Gurley advertising; also make sales of Gurley products and advise Gurley of all major accounts in New Hampshire and elsewhere in the territory. Sales acknowledgments and invoices concerning orders solicited pursuant to the contract in all the territory were mailed to New Hampshire and the resulting commissions were paid to the plaintiff in this State. Various Gurley personnel came to New Hampshire six times a year to consult with plaintiff in order to promote sales of Gurley products in New England.

It is clear that this was a contract between a resident of New Hampshire and a foreign corporation which was to be, and was, partly performed in New Hampshire. The present controversy con-

cerning sales made by Gurley to a Massachusetts corporation is based allegedly on a clause in that contract by which commissions at a specified rate were to be paid to plaintiff for sales made in its territory even though not directly solicited by it. We hold that this contract and plaintiff's action thereunder came within the terms of RSA 300:14 (1966), under the provisions of which service of process on the defendant was made.

This court has previously stated, and recently reiterated, that it is the objective of a long-arm statute such as RSA 300:14 (1966) to allow the exercise of jurisdiction over foreign corporations to the full extent of the constitutional limit. *Leeper v. Leeper,* 114 N.H. 294, 296, 319 A.2d 626, 627-28 (1974); *Roy v. Transairco, Inc.,* 112 N.H. 171, 173, 291 A.2d 605, 606 (1972). This limit is met if the exercise of jurisdiction is reasonable from the standpoint of New Hampshire's interest in the litigation and is consistent with the principles of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Plaintiff alleges that the commissions which it seeks arose out of the contract of the parties which was to be performed in New Hampshire and the other New England States. Plaintiff's pleadings, and all reasonable inferences therefrom, are to be taken as true and construed most favorably to it in determining the issue of jurisdiction which is presented by the transferred question. *Leeper v. Leeper, supra* at 297, 319 A.2d at 628. This State has an important interest in protecting the rights of its residents under such contracts to insure the orderly and efficient transaction of commerce. *See Hanson v. Denckla,* 357 U.S. 235, 250-51 (1958). The fact that the sales in question did not occur in New Hampshire does not preclude the assertion of jurisdiction by this State, if, as alleged, they are connected with the contract to be performed here in part. *Taylor v. Company,* 97 N.H. 517, 521, 92 A.2d 910, 913 (1952); *Sanders Associates Inc. v. Galion Iron Works & Mfg. Co.,* 304 F.2d 915, 923 (1st Cir. 1962); *see Perkins v. Benguet Mining Co.,* 342 U.S. 437 (1952); Restatement (Second) of Conflict of Laws § 35, Comment *e* at 145 (1971).

Furthermore, by entering into its contract with this New Hampshire plaintiff, the defendant purposefully availed itself of the privilege of conducting business within this State, thus invoking the benefit and protection of its laws. *Hanson v. Denckla, supra* at 253; *Leeper v. Leeper,* 114 N.H. 294, 297, 319 A.2d 626, 628 (1974).

Assertion of jurisdiction over defendant under RSA 300:14

(1966) provides a local forum for a local plaintiff on a cause of action generated by a contract purposely entered into by the defendant which by its terms was to be performed in part in New Hampshire as well as in other New England States. There has been no showing that requiring defendant to defend this action in this State would cause it serious inconvenience. We hold that under the circumstances subjecting the defendant to the jurisdiction of New Hampshire courts does not violate the notions of fairness and justice required by due process. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Whitaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079 (1st Cir. 1973); *Leeper v. Leeper*, 114 N.H. 294, 319 A.2d 626 (1974).

The fact that the defendant has changed its corporate name does not relieve it of any liability it may have incurred under its contract with the plaintiff. 18 Am. Jur. 2d *Corporations* § 145 (1965). Nor does the fact that it began dissolution proceedings about five months before this action was initiated prevent its maintenance. New York Business Corporation Law §§ 1001-09 (McKinney 1963). Section 1006 provides (a) that a dissolved corporation may continue to function for the purpose of winding up its affairs and (b) that its dissolution shall not affect any remedy available to or against it for any right or claim existing or any liability incurred before such dissolution. We do not consider that this statute requires that plaintiff's claim be litigated in New York courts or makes them a more convenient forum. *See* 36 Am. Jur. 2d *Foreign Corporations* §§ 445-46 (1968).

The answer to the transferred question is "yes", the plaintiff has acquired jurisdiction over and can sue B & L Liquidating Corporation which was dissolved on January 21, 1969.

*Remanded.*

All concurred.