Grafton
No. 79-009

TOWN OF HAVERHILL & a.

v.

CITY BANK AND TRUST COMPANY

May 23, 1979

*Laurence F. Gardner*, of Hanover (*William H. Jackson* orally), for the plaintiffs.

*Ransmeier & Spellman*, of Concord (*John C. Ransmeier* orally), for the defendant.

GRIMES, J.   This is a suit in assumpsit in which the town of Haverhill, New Hampshire, seeks damages and other relief from the defendant, City Bank and Trust Company, a Massachusetts corporation. The question we decide is whether the courts of New Hampshire may

exercise in personam jurisdiction over the defendant corporation. We hold on the facts that they may.

In 1974, the town of Haverhill, a plaintiff in this action, approved through its planning board a subdivision plan for the sale of lots in a development known as the Crestfield Section. The developer was Town and Country Homes, Inc. (hereinafter Town & Country), a Massachusetts corporation. Town & Country received financing from the defendant bank, which secured its loan by a mortgage on the property.

One condition of the subdivision approval was that the cost of constructing the roads and water mains to the lots be secured. Consequently, the plaintiff town, Town & Country, and the defendant bank entered into an escrow agreement for the purpose of furnishing that security. The written agreement states that Town & Country had applied for approval of lots for development, that the planning board required security for the construction of roads and water mains, and that the agreed cost of such construction totalled $78,000. The agreement further states that the town was willing that the costs be secured by Town & Country's setting aside a certain sum upon the sale of each of the 39 lots in the Crestfield development, and that the bank was willing to act as escrow agent for the receipt, retention, and disbursement of those sums.

The agreement required Town & Country to deposit $2,000 with the bank for each lot sold. The bank was required as escrow agent to invest the funds and to advise the planning board of the balance in the account upon request, but not more often than once a month. An accounting by the bank to the board was required not less than once a year. As the roads and water mains were completed, the bank was to disburse the money to Town & Country upon certification by a named firm of engineers, in accordance with an established formula. On certification of completion of all roads, the bank was to pay over the balance to Town & Country; but if no certification of completion was received within three years, the bank was to pay over any remaining funds as the town and the public utilities commission might direct.

The agreement was signed by representatives of Town & Country and the bank in Massachusetts, and by the Haverhill Planning Board and selectmen in New Hampshire. The agreement states that it was signed in 1974, but the spaces left for the month and day are left blank.

By writ dated January 13, 1976, the town and the planning board brought suit against the defendant bank in Grafton County Superior Court alleging breach of the escrow agreement by Town & Country's failure to fulfill the agreement, and by the defendant's failure to notify plaintiffs of Town & Country's failure to pay into the escrow account.

Service was made on the bank by substituted service on the New Hampshire Secretary of State. The bank moved to dismiss for lack of personal jurisdiction, and the plaintiff relied on RSA 300:14, a long-arm statute dealing with foreign corporations. The court granted defendant's motion over plaintiffs' exception. Thereafter plaintiffs moved to amend, and requested a writ of attachment to obtain quasi in rem jurisdiction. The motion to amend and the request to attach were granted, and an attachment was made of th¬ interest of the defendant in New Hampshire real estate upon which it held mortgages.

Thereafter the court found that the exercise of quasi in rem jurisdiction was proper, reasonable, and consistent with the principles of fair play and substantial justice, and held that the minimum contact requirements of *Shaffer v. Heitner*, 433 U.S. 186 (1977), had been satisfied. Defendant's exceptions were transferred by *Batchelder*, J. We decide that there is in personam jurisdiction.

We first determine whether plaintiffs are entitled to have the courts of New Hampshire exercise in personam jurisdiction over the defendant pursuant to RSA 300:14. That statute in pertinent part provides:

> If a foreign corporation makes a contract to be performed in whole or in part by either party in New Hampshire . . . such acts shall be deemed to be doing business in New Hampshire by such foreign corporation and shall be deemed equivalent to the appointment . . . of the secretary of the state of New Hampshire . . . to be its . . . attorney upon whom may be served all lawful process in any actions . . . arising from or growing out of such contract . . . .

We have previously stated that the objective of this statute is "to allow the exercise of jurisdiction over foreign corporations to the full extent of the constitutional limit." *Engineering Associates v. B & L Liquidating Corp.*, 115 N.H. 508, 511, 345 A.2d 900, 902 (1975); *Leeper v. Leeper*, 114 N.H. 294, 296–97, 319 A.2d 626, 627–28 (1974).

There is no dispute that defendant entered into the contract in question. The applicability of RSA 300:14 does not depend upon performance on the part of the defendant in this State, but may rest upon performance in New Hampshire by any party to the contract. The escrow agreement, which the defendant admits it entered into, is part of a larger business arrangement from which the defendant expected to gain from loans made to Town & Country. The success of that venture, however, depended upon Town & Country's ability to sell lots, which in turn depended upon obtaining the town's approval of the subdivision plan and the meeting of the conditions imposed. The per-

formance of the town and its planning board was to allow the sale of the lots, and that performance was to be done in New Hampshire. Indeed, it was this performance that furnished consideration for the defendant's promise under the agreement. In addition, Town & Country, a party to the agreement, was to perform in New Hampshire by building roads and laying water mains, and it was this performance that was secured by the escrow agreement. Finally, the defendant was to perform in New Hampshire by at least annually filing with the plaintiffs an account of moneys received into, earned on, and disbursed from the account. The performance required of defendant with regard to the collection of moneys, although done in Massachusetts, was connected with the contract, which again was to be performed at least in part in New Hampshire. This is sufficient to bring the provision of RSA 300:14 into play and, absent some constitutional impediment, to provide personal jurisdiction over the defendant.

The question remains, therefore, whether the constitutional requirements of *Shaffer v. Heitner*, 433 U.S. 186 (1977); *Hanson v. Denckla*, 357 U.S. 235 (1958); and *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), have been met.

These cases require that to meet the constitutional requirements of due process, the defendant must have sufficient minimum contacts with the State so that exercising in personam or quasi in rem jurisdiction does not violate the "traditional notions of fair play and substantial justice." *Shaffer v. Heitner*, 433 U.S. at 205; *International Shoe Co. v. Washington*, 326 U.S. at 316. A review of the facts before us convinces us that the contacts and dealings of the defendant in this State are sufficient to meet this test. *See McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957); *cf. Kulko v. Superior Court*, 436 U.S. 84 (1978) (holding in action for child support that California courts could not exercise in personam jurisdiction over a nonresident, nondomiciliary parent of minor children domiciled within the State).

The performances required of the parties in New Hampshire support the minimum contacts necessary to meet the constitutional requirements of due process. The contract has a substantial connection with New Hampshire. *McGee v. International Life Ins. Co. supra.* In addition, the defendant was engaged in the business of making loans on New Hampshire property, thus requiring the assistance of New Hampshire laws to secure the loans by way of mortgages and to enforce payment through foreclosure. New Hampshire law would also control the sale of the lots, which in turn would be the primary source of funds to pay the defendant its interest and principal. Thus the entire business enterprise was dependent upon the assistance of New Hamp-

shire law and the acceptance by the plaintiffs of the requested forms of security for the performance of the conditions.

Moreover, the defendant will not be seriously inconvenienced by having to defend the action in this State. Boston, Massachusetts is within easy driving distance over excellent highways with beautiful scenery to the Grafton County courthouse. *See Engineering Associates v. B & L Liquidating Corp.*, 115 N.H. 508, 512, 345 A.2d 900, 903 (1975).

In sum, we are of the opinion that subjecting the defendant to the jurisdiction of New Hampshire courts in this case does not violate "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and we therefore hold that defendant is subject to personal jurisdiction.

The defendant questions the validity of the pretrial attachments in this case in view of the fact that the United States Bankruptcy Court in Massachusetts has issued an injunction against attachments of any assets of Town & Country. Having decided the case on the ground of in personam jurisdiction, we need not consider the validity of those attachments. Town & Country is not a party to this action and the attachment of its assets is irrelevant to the issue decided.

> *Plaintiffs' exceptions to the dismissal for lack of personal jurisdiction are sustained; remanded.*

All concurred.