Dr. Peter **GALONIS** and International Educational Services, Ltd.

v.

**NATIONAL BROADCASTING COMPANY, INC.** *et al.*

Nos. C79–355–L, 80–19–L.

United States District Court, D. New Hampshire.

Oct. 2, 1980.

Stephen R. Fine, Manchester, N.H., for plaintiffs.

Matthias J. Reynolds, Devine, Millimet, Stahl & Branch, Manchester, N.H., for defendant.

### ORDER ON MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER

LOUGHLIN, District Judge.

Defendants filed a motion to dismiss on the grounds of improper venue or in the alternative to transfer the case to the Southern District of New York. Succinct summary of the facts is as follows. This is a defamation action, originally brought as two separate actions, by Dr. Peter Galonis and his corporation, International Educational Services, Ltd., against the American Broadcasting Company, Inc. (ABC) and the National Broadcasting Company, Inc. (NBC) hereinafter called ABC and NBC. The ABC and NBC publications in question were independent publications prepared by their respective staffs, but they concerned similar allegations and innuendos made

against the plaintiffs. These allegations and innuendos were broadcast nationally in February, 1979 over the defendants' networks in separate programs. The allegations and innuendos were to the effect that plaintiffs were engaged in a corrupt and dishonest business practice, that false representations were made by the plaintiffs to foreign students and small American colleges in pursuit of this business, and that the plaintiffs contrived dishonestly to deprive the foreign students and colleges of money and other valuable consideration.

The plaintiffs are citizens of Pennsylvania, the corporate plaintiff being incorporated in Pennsylvania and having its principal place of business there. The defendants are both Delaware Corporations with their principal places of business in New York. Both defendants broadcast by television and radio on a continuous, nation-wide basis. Subject matter jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332. Personal jurisdiction has not been challenged by the defendants and is presumably based upon N.H. RSA 300:14.

■ Federal law must be applied to determine if ABC and NBC were "doing business" in New Hampshire for venue purposes. *Houston Fearless Corporation v. Teter*, 318 F.2d 822 (10th Cir. 1963). In *Houston Fearless Corporation v. Teter, supra* at page 826, the following comment was also made.

> "While leaving every case to its own facts, it is generally understood that to constitute 'engaging in or transacting business' in a state, so as to be found or present there for purposes of personal service, a non-resident corporation's activity there must be 'substantial', 'continuous', and 'regular', as distinguished from 'casual', 'single', or 'isolated' acts."

Citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Venue has been challenged by the defendants on the basis of 28 U.S.C. §§ 1391 and 1406(a) and, alternatively 1404(a). The defendants want the case dismissed according to the provisions of § 1406(a), or alternatively transferred, either on the basis of § 1406(a) or § 1404(a), to the United States District Court for the Southern District of New York. The defendants claim that venue in New Hampshire is improper because the damages (if any) incurred by the plaintiffs were national and not confined to New Hampshire, that the transmission was from New York, and that the bulk of defendants' key witnesses and evidence was physically located in New York. The defendants argue that the only possible theories supporting venue in New Hampshire are that the "claim" arose in New Hampshire § 1391(a) or that the defendants are "doing business" in New Hampshire § 1391(c).

Plaintiffs in fact base their argument supporting venue in New Hampshire on §§ 1391(c) and 1391(a). Their primary emphasis is based on § 1391(c). If their position regarding venue is supported on *either* ground, then venue in New Hampshire is proper.

Looking at § 1391(c) first, the issue to be resolved is whether NBC and ABC are "doing business" in New Hampshire.

■ We believe that the construction of § 1391(c) involves a federal matter; that state law is not controlling; and uniformity in applying § 1391(c) is desirable. And, although the matter is not free from doubt, and there is very respectable *contra* authority, we believe that if a corporation is amenable to service of process it should be held to be 'doing business' for venue purposes. See *Houston Fearless Corp. v. Teter*, 318 F.2d 822, 825 (10th Cir. 1963) and C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3811, pp. 64–65 (1976). (Hereafter, Wright, Miller & Cooper). What exactly that test is, does not seem to be settled. It is clear that whether a corporation is doing business in a district is essentially a question of fact. In considering whether the defendants are doing business within the district of New Hampshire under 28 U.S.C. § 1391(c), the court may consider such factors as the general character of each corporation, the nature and scope of their respective business

operations, the extent of authorized corporate activities conducted on their behalf within the forum district, the continuity of these activities, and their contacts within the forum district. *Frazier v. Alabama Motor Club, Inc.*, 349 F.2d 456, 459 (5th Cir. 1965). This approach to venue determinations under § 1391(c) has been utilized in this circuit as well. See, e. g., *Samson Cordage Works v. Wellington Puritan Mills, Inc.*, 303 F.Supp. 155, 161–162 (D.R.I.1969).

■ Both defendants have television affiliates in the State of New Hampshire, as well as out of state television affiliates whose signals are received in New Hampshire by home television viewers. Both defendants have affiliate radio stations in New Hampshire and out of state affiliates whose signals are received in New Hampshire. Both defendants periodically send representatives to New Hampshire to provide news coverage for significant events. Substantial numbers of viewers and or listeners of the defendants' programming are located in New Hampshire. Both defendants are actively engaged, on a continuing basis, with marketing activities in New Hampshire. Indeed, defendants' affiliates perform some of these activities, network promotions, on the defendants' behalf. In addition to self promotion activities that form a portion of the defendants' ordinary broadcasting operations, defendants regularly sell advertising broadcast time to commercial institutions, which in turn, is broadcast in New Hampshire. Succinctly, the defendants have been and are still engaged in a continuous course of conduct in New Hampshire which constitutes a substantial transaction of business in the ordinary and usual sense of that term. See, e. g., *School District of Philadelphia v. Harper & Row Publishers*, 267 F.Supp. 1006, 1010 (E.D.Pa. 1967). The fact that the defendants do not have employees permanently located in New Hampshire, have no permanent offices here, and have no telephone listings in New Hampshire does not change this conclusion. It is more accurate to characterize defendants' activities and their impact on New Hampshire viewers and listeners as "substantial, continuous and regular" than as

"casual, single, or isolated." *Houston Fearless, supra*, at 827. It is the opinion of this court that the defendants are "doing business" in New Hampshire within the meaning of 28 U.S.C. § 1391(c) and therefore venue is proper in this District.

The court denies defendant's motion to dismiss for lack of venue.

The court next addresses defendants motion in the alternative, that is to transfer the case to the Southern District of New York in accordance with the provisions of 28 U.S.C. § 1404(a).

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964) is the following language.

"The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court."

■ The determination of the question of venue, unlike that of personal jurisdiction, is a matter within the Court's discretion. *Garrett v. Ruth Originals Corp.*, 456 F.Supp. 376 (S.D.Ohio 1978).

■ Since defendants are for diversity purposes, citizens of New York, the Southern District of New York is a division where this action "might have been brought". 28 U.S.C. § 1406(a). C.F. 28 U.S.C. § 1332(c). What remains to be examined, therefore, are the "convenience of parties and witnesses" and the "interest of justice". 28 U.S.C. § 1404(a).

The relative convenience of the parties is fairly clear. Defendants want the case tried in the district where they have their principal place of business. Defendants point out, *inter alia*, that key witnesses and evidentiary materials are located in New

York and that transportation of these materials and witnesses to New Hampshire will unnecessarily disrupt their businesses. Plaintiffs' convenience is evidenced by their choice of forum in filing these (consolidated) actions in New Hampshire.

In weighing the convenience of the parties, the court may take into account the financial strength of each. Wright, Miller & Cooper, *supra*, § 3849 at 259. The court may give increased weight to this factor if a financially superior defendant through the actions complained of has contributed to the financial difficulties of a plaintiff. *Garrett v. Ruth Originals, supra*, at 285. If, *arguendo*, the plaintiffs' allegations concerning the defendants' broadcasts and the resultant damages are taken to be true, the financial ability of the defendants to litigate this action in New Hampshire is a significant factor to be considered by the court in its venue determination under § 1404(a).

Insofar as the convenience of the witnesses are concerned, it seems clear from the record that most, if not all, key witnesses for the defendants are located in New York. It also seems clear that these key witnesses, are presently employed by the defendants. A defendant's motion to transfer under § 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by that party. Wright, Miller & Cooper, *supra*, § 3851 at 267–68. Since the defendants can compel their employees to testify in New Hampshire, there is little fear that their "live" testimony will be sacrificed by the New Hampshire venue. A significant number of the plaintiffs' witnesses appear to be in the New England area. It is a distinct possibility that transferring the action to the Southern District of New York may result in the plaintiffs losing some of their "live" witnesses, and that deposition costs to the plaintiff will be increased.

Other factors have been considered by the court such as the relative ease of access to various evidentiary materials, the inconvenience to the plaintiffs if the venue was changed to the Southern District of New York, and the overall interest of justice.

Reference is made to *Fannin v. Jones*, 229 F.2d 368, 369 (6th Cir. 1956).

A court should not under § 1404(a) look to docket conditions in order simply to serve the court's own convenience. Cf. *Keller–Dorian Colorfilm Corp. v. Eastman Kodak Co.*, D.C.S.D.N.Y., 1949, 88 F.Supp. 863, 866; see also *Dairy Industries Supply Ass'n v. LaBuy*, 7 Cir., 1953, 207 F.2d 554, 558. A prompt trial, however, is not without relevance to the convenience of parties and witnesses and the interest of justice. Cf. *United States v. Scott & Williams, Inc.*, D.C.S.D.N.Y., 1950, 88 F.Supp. 531, 535. In a wrongful death case promptness of determination is clearly in the interest of justice. The district court has a broad discretion under § 1404(a), *Norwood v. Kirkpatrick*, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

Considering all the circumstances and duly weighing all the alternatives, the court also denies the motion to transfer to the Southern District of New York.