Grafton
No. 83-222

COMPUTAC, INC.

v.

DIXIE NEWS COMPANY

December 27, 1983

*Stebbins, Bradley, Wood & Harvey P.A.*, of Hanover (*Nicholas D. N. Harvey, Jr.*, on the brief), by brief for the plaintiff.

*Baker & Hayes*, of Lebanon (*James R. Laffan* on the brief), by brief for the defendant.

BATCHELDER, J.   The superior court dismissed Computac, Inc.'s breach of contract suit against Dixie News Company on the ground that the court lacked *in personam* jurisdiction over the defendant. The plaintiff appealed. For the reasons that follow, we hold that the defendant had sufficient contacts with New Hampshire to subject it to the jurisdiction of our courts consistent with the requirements of due process. Accordingly, we reverse.

Computac, Inc. (Computac) is a Delaware corporation with its principal place of business at West Lebanon, New Hampshire. Dixie News Company (Dixie News), a North Carolina corporation, has its sole place of business at Charlotte, North Carolina. According to the affidavit of its president, Dixie News has no contacts with New Hampshire aside from the contract with Computac and two related contracts. Dixie News has no office, agent or employee within New Hampshire, does not advertise within New Hampshire and has never solicited or contracted for sales or delivered any products within New Hampshire.

In 1975, Computac and Dixie News entered into an agreement, solicited by Computac, whereby Computac would supply Dixie News with data-processing services and computer forms and micro-fiche. Dixie News would lease from Computac equipment necessary for the execution of the agreement, and Computac would install the equipment in North Carolina. The agreement also provided that New Hampshire law would govern.

Computac provided these services to Dixie News from February 1976 until November 1980. Either weekly or bi-weekly, Dixie News would send data to New Hampshire by mail or by telephone. After being processed, the data was relayed back to North Carolina by telephone. Dixie News was billed approximately $2,425 each month for these services and $1,053 each month for the leasing and maintenance of the equipment.

Computac instituted this suit after Dixie News allegedly failed to make payment under the agreement. Dixie News filed a special appearance and moved to dismiss the suit on the ground that the court lacked *in personam* jurisdiction. The Master (*Thomas M. Pan-*

*coast*, Esq.) found that while the contract brought the defendant within the purview of the long-arm statute, RSA 293-A:121 (Supp. 1983) (formerly RSA 300:14), the defendant did not have sufficient contacts with New Hampshire to make the exercise of the court's jurisdiction consistent with the requirements of due process. The Superior Court (*Johnson*, J.) approved the master's report and Computac appealed.

■■ The court may exercise *in personam* jurisdiction over a nonresident defendant, consistent with the requirements of due process, when the defendant has such "minimum contacts" with the forum State "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *see Weld Power Industries, Inc. v. C.S.I. Technologies, Inc.*, 124 N.H. 121, 467 A.2d 568 (1983). Due process will be satisfied by a showing of minimum contacts with the forum State which result from an affirmative act of the defendant, *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), and by a ruling that it is fair and reasonable to require the defendant to defend in the forum State, *Kulko v. California Superior Court*, 436 U.S. 84, 92 (1978); *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). *See* 2 J. MOORE, MOORE'S FEDERAL PRACTICE ¶4.25[5] (2d ed. 1983).

■ The United States Supreme Court has held that the minimum contacts requirement is met "when the suit was based on a contract which had substantial connection" with the forum State. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957); *see also Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933, 936–37 (10th Cir. 1977); *Western Union Telegraph Co. v. T.S.I. Ltd.*, 545 F. Supp. 329, 333–34 (D.N.J. 1982). However the defendant's conduct still must be such that the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla supra.*

■ We hold that the contract between Computac and Dixie News had substantial connection with New Hampshire. Not only were most of the services performed by Computac for Dixie News in New Hampshire, but also an essential portion of Dixie News' performance was the delivery of information to New Hampshire. *See Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 495–96 (5th Cir. 1974). This was not an isolated delivery of goods to New Hampshire, *see Weld Power Industries, Inc. v. C.S.I. Technologies, Inc., supra* at 125, 467 A.2d at 570, but continuous weekly telephone and mail

communications to New Hampshire for approximately four-and-one-half years. Given the technological advances in communications in recent years, telephone and mail contacts are of increasing jurisdictional significance. *See Western Union Telegraph Co. v. T.S.I., Ltd., supra* at 336; *A. J. Cunningham Pack. Corp. v. Florence Beef Co.*, 529 F. Supp. 515, 519 (D. Mass. 1982); *see also McGee v. International Life Ins. Co. supra; Product Promotions, Inc. v. Cousteau, supra* at 496.

.  **[5, 6]**  Additionally, the defendant's contacts with New Hampshire were purposeful, not fortuitous. "The operative consideration is that the defendant's contacts with the forum were deliberate . . . so that the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable. . . ." *Id.* Although Computac solicited the agreement with Dixie News, we hold that Dixie News' acts satisfied this requirement. Dixie News voluntarily entered into a contract with a New Hampshire corporation, knowing that the contract had substantial connections to New Hampshire. *See Engineering Associates v. B & L Liquidating Corp.*, 115 N.H. 508, 511–12, 345 A.2d 900, 903 (1975). Dixie News could have sued Computac in the New Hampshire courts, invoking New Hampshire law, if Computac had been the breaching party. *See Cove-Craft Industries v. B. L. Armstrong Co. Ltd.*, 120 N.H. 195, 201, 412 A.2d 1028, 1032 (1980).

■  It must also be fair and reasonable to compel Dixie News to defend the suit in New Hampshire. To make this determination, we consider the relationship between the forum and the defendant, the forum State's interest in adjudicating the dispute and the relative conveniences of the parties. *World-Wide Volkswagen Corp. v. Woodson, supra* at 292. We conclude that in this case it is fair and reasonable to subject Dixie News to the jurisdiction of our courts.

Dixie News purposefully entered into a contract which had substantial connections with New Hampshire, and it could reasonably anticipate being haled into court here. *See World-Wide Volkswagen Corp. v. Woodson, supra* at 297. When Dixie News failed to make payments under the contract, it was foreseeable that injury to Computac would result and that Computac would sue Dixie News in the New Hampshire courts. *See Hall v. Koch*, 119 N.H. 639, 646, 406 A.2d 962, 966 (1979).

■  Additionally, it is not unfair or unreasonable on the ground of inconvenience to require Dixie News to defend in New Hampshire. *See McGee v. International Life Ins. Co., supra* at 223.

The exercise of *in personam* jurisdiction is also reasonable from

the standpoint of New Hampshire's interest in the litigation. *See Leeper v. Leeper*, 114 N.H. 294, 296, 319 A.2d 626, 628 (1974); *see also McGee v. International Life Ins. Co. supra.* New Hampshire has a manifest interest in providing redress to its residents for a non-resident's breach of contract. *See Cove-Craft Industries v. B. L. Armstrong Co. Ltd. supra; Engineering Associates v. B & L Liquidating Corp., supra* at 511, 345 A.2d at 902. For this reason, the court has interpreted the New Hampshire long-arm statute as coextensive with constitutional limitations. *Leeper v. Leeper, supra* at 294, 319 A.2d at 627–28.

 Considering the nature, quality and quantity of the defendant's contacts with New Hampshire, we hold that the defendant had sufficient contacts to subject it to the jurisdiction of our courts consistent with the requirements of due process.

*Reversed.*

All concurred.