UNITED STATES of America, ex rel.
Harold LaVALLEY, Robert Watts
and Gilbert D. Beinhocker

v.

The FIRST NATIONAL BANK
OF BOSTON.

No. C85–357–L.

United States District Court,
D. New Hampshire.

Dec. 20, 1985.

Michael C. Harvell, William J. Donovan, Sheehan, Phinney, Bass & Green P.A., Manchester, N.H., for plaintiffs.

E. Susan Garsh, Thomas H. Walsh, Jr., Andrea H. Maislen, Bingham, Dana & Gould, Boston, Mass., for defendant.

## ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

LOUGHLIN, District Judge.

The defendant, First National Bank of Boston (FNBB), a national banking association with principal offices in Massachusetts, moves pursuant to Fed.R.Civ.P. 12(b)(2), (3), and 12(d) to dismiss this action for improper venue and lack of *in personam* jurisdiction. Alternatively, the defendant requests the action be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

The facts are briefly as follows. The plaintiff Relators, Harold La Valley, Robert Watts and Gilbert Beinhocker have filed this action on behalf of the United States government under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730, to recover sums paid by the Farmer's Home Administration (FmHA) under the terms of a loan guarantee by FNBB to the Elmdorf Board Corporation of Claremont, New Hampshire (Elmdorf). The complaint alleges FNBB fraudulently induced the FmHA to guarantee 90% of a loan made by FNBB to Elmdorf.

The initial issue to be considered by the court is defendant's motion to dismiss for lack of jurisdiction over the person, pursuant to Fed.R.Civ.P. 12(b)(2).

To sustain in personam jurisdiction over a foreign corporation, the court must find both that personal jurisdiction is authorized by the local statute and that the exercise of such jurisdiction does not violate the due process requirement that the nonresident defendant have certain "minimum contacts" with the forum state.

*Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni*, 628 F.2d 652, 667 (1st Cir. 1980) (citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 289, 100 S.Ct. 559, 563, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). Thus, the inquiry for *in personam* jurisdiction is twofold; (1) whether FNBB is reached by the New Hampshire "long-arm" statute for foreign corporations, and (2) whether FNBB has the required "minimum contacts" with New Hampshire required by due process.

The New Hampshire "long-arm" statute reads:

If a foreign corporation makes a contract to be performed in whole or in part by either party in New Hampshire, or if the foreign corporation commits a tort in whole or in part in New Hampshire, the acts shall be deemed to be doing business in New Hampshire by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of New Hampshire and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of the contract or tort. The making of a contract or the committing of a tort shall be deemed to be the agreement of the foreign corporation that any process against it which is served upon the secretary of state shall be of the same legal force and effect as if served on the foreign corporation at its principal place of business in the state or country where it is incorporated and according to the law of that state or country.

N.H. RSA § 293–A:121 (Supp.1983).

The defendant contends New Hampshire cannot assert personal jurisdiction because the alleged tort relates exclusively to actions occurring outside New Hampshire, specifically, the demand for payment sub-

mitted by FNBB in Massachusetts to the FmHA Vermont Regional office. The court is not persuaded that the defendant has correctly interpreted the statute. FNBB had contracted with Elmdorf in New Hampshire. It structured a loan for Elmdorf, a New Hampshire corporation. The False Claims action, alleging FNBB fraudulently induced the FmHA to guarantee 90% of that loan assuredly arises or grows out of that loan agreement between FNBB and Elmdorf.

RSA § 293–A:121 is to be broadly construed and jurisdiction over foreign corporations should be allowed to the full extent of constitutional limits. *Papafagos v. Fiat Auto S.p.A*, 568 F.Supp. 692, 694 (D.N.H. 1983) (citing *Cove-Craft Industries v. B.L. Armstrong Co. Ltd.*, 120 N.H. 195, 198, 412 A.2d 1028 (1980); *Engineering Associates v. B & L Liquidating Corp.*, 115 N.H. 508, 511, 345 A.2d 900 (1975)).

■ Thus defendant was doing business in New Hampshire within the meaning of the long-arm statute and this court may assert *in personam* jurisdiction over defendant. Service of process upon the Secretary of State was proper. Such was made on June 11, 1985.

■ The second step of this inquiry is whether the exercise of New Hampshire's "long-arm" jurisdiction violates the due process requirement that the defendant have sufficient contacts with New Hampshire. These contacts "must be such that the assertion of jurisdiction comports with the 'traditional notions of fair play and substantial justice.'" *World Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564 (citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158). The plaintiff asserts that the defendant's business contacts are of sufficient magnitude to satisfy both the statutory and constitutional requirements for New Hampshire to assert jurisdiction over FNBB. This court agrees with that conclusion. "The essential constitutional question is whether ... [the defendant] 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

protections of its laws.'" *Colocotroni*, 628 F.2d at 668 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

According to the affidavit of T. McLean Griffin, Senior Vice President of FNBB and general counsel for the defendant, FNBB's activities within New Hampshire consist of soliciting and servicing credit card accounts, servicing and obtaining commercial and consumer loan customers, owning "Monec" automatic teller terminals, and contracting with various financial and retail establishments within the state concerning the operation and maintenance of those terminals, acting as co-manager with respect to a bond issue by the State, and providing financial advice to various communities and public entities within the state. Affidavit of Griffin, at 2 (Sept. 6, 1985).

The defendant's activities within New Hampshire are continuous and systematic and can in no way be regarded as irregular or casual contact with the state. *See International Shoe*, 326 U.S. at 320, 66 S.Ct. at 160. The defendant, by exercising the privilege of conducting such business within New Hampshire, enjoys the benefits and protection of its laws. That privilege gives rise to obligations, and "a procedure which requires the corporation to respond to a suit brought to enforce [those obligations] can, in most instance, hardly be said to be undue." *Id.* at 319, 66 S.Ct. at 160. In this factual context, the exercise of *in personam* jurisdiction over FNBB pursuant to RSA § 293–A:121 does not offend traditional notions of fair play and substantial justice.

Defendant's motion to dismiss for lack of personal jurisdiction (Doc. # 13) is hereby denied.

The defendant also seeks to dismiss for improper venue, pursuant to Fed.R.Civ.P. 12(b)(3). The False Claims Act contains the following venue requirement:

> Trial is in the judicial district within whose jurisdictional limits the person

charged with a violation is found or the violation occurs.

31 U.S.C. § 3730(b)(1).

Apparently, there exists a paucity of cases interpreting the venue provision of the False Claims Act. Nonetheless, the court concludes that FNBB is "found within the jurisdictional limits" of this court for venue purposes. The defendant is subject to jurisdiction under the New Hampshire "long-arm" statute, RSA § 293–A:121. Given the defendant's systematic and continuous business presence within New Hampshire, the invocation of personal jurisdiction over FNBB does not violate defendant's due process rights. Although FNBB arguably has no physical presence within the State, the magnitude of defendant's contacts within New Hampshire are sufficient for it to be "found" there for venue purposes.

Venue is therefore properly in New Hampshire. The defendant's motion to dismiss for improper venue (Doc. # 13) is hereby denied.

■ In the alternative, the defendant asks the court to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). That section provides for change of venue:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

A determination on the appropriateness as to change of venue is a matter within the court's discretion. *Galonis v. National Broadcasting Co., Inc.*, 498 F.Supp. 789, 792 (D.N.H.1980). *See also Garrett v. Ruth Originals Corp.*, 456 F.Supp. 376, 384 (S.D.Ohio 1978). There is no question that this action might have been brought in the District of Massachusetts. What remains to be examined are the "convenience of parties and witnesses", and the "interest of justice". *Galonis*, 498 F.Supp. at 792.

"Under section 1404(a), the court may transfer an action to a more suitable forum when the plaintiff's choice of forum ... probably will work a substantial hardship upon the defendant and the witnesses, which hardship cannot be justified by a showing of countervailing convenience or necessity on the plaintiff's part." *United States v. General Motors Corp.*, 183 F.Supp. 858, 860 (S.D.N.Y.1960). The plaintiff's choice of forum is a factor to be considered, but carries less weight than under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). The plaintiffs in the instant case are asserting the rights of the real party in interest, the United States Government, pursuant to the *qui tam* provision of the False Claims Act. As such, the court believes the plaintiffs' choice of forum should be given relatively little weight.

There is pending in the District Court of Massachusetts a similar companion action filed by Eugene Demchenko. The action pending before this court was filed prior to plaintiff Demchenko's action. Eugene Demchenko, a relator and potential witness in the instant litigation, is a resident of Massachusetts. Two of the three plaintiffs in the instant case also reside in Massachusetts. Plaintiff Demchenko's action apparently arises from the same set of facts. Many, if not all of the witnesses needed in the instant case will also be required to travel to Massachusetts. Finally, some of the witnesses for both the defense and the plaintiffs live or work in Massachusetts. The witness from the FmHA's Vermont office will in all probability travel to Massachusetts for the action filed there.

The plaintiffs in this case have not convinced the court that the convenience of the parties and witnesses involved would be best served by keeping this action in New Hampshire. "The plaintiff may not, by choice of an inconvenient forum, inflict upon the defendant expense and trouble not necessary to plaintiff's own right to pursue his remedy." *General Motors Corp.* 183 F.Supp. at 860 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Koster v.*

*(American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 531–32, 67 S.Ct. 828, 835–36, 91 L.Ed. 1067 (1947)). The interest of justice will best be served by transferring this case to the district wherein a companion case has been filed.

The court further notes that if venue were improper in New Hampshire, this court has the authority to make such a transfer, in the interest of justice, to a district where it might have been brought, pursuant to 28 U.S.C. § 1406(a). That section states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

42 U.S.C. § 1406(a).

Accordingly, this action Civ. No. C–85–357–L, is hereby transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).