**F.A.I. ELECTRONICS CORP., Plaintiff,**

**v.**

**Eric CHAMBERS, Christopher Brackett and Sterling Electronics Corp., Defendants.**

**Civil Action No. 96–10887NMG.**

United States District Court,
D. Massachusetts.

Nov. 4, 1996.

78

Kenneth M. Bello, Joseph P. Curtin, James J. Rooney, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, for F.A.I. Electronics Corp.

Dustin F. Hecker, Erik Lund, Jeffrey S. Brody, Posternak, Blankstein & Lund, Boston, MA, for Eric Chambers, Christopher Brackett, Sterling Electronics Corp.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On May 1, 1996, the plaintiff in the above-entitled action, F.A.I. Electronics Corp. ("FAI"), filed a seven-count complaint against its former employees, Eric Chambers ("Chambers") and Christopher Brackett ("Brackett") for an alleged violation of non-competition and confidentiality agreements. FAI also brings this action against Sterling, the new employer of Chambers and Brackett,

for tortious interference with FAI's advantageous business relations.

Counts I, II and III of the Complaint against Brackett allege breach of contract, breach of the implied covenant of good faith and fair dealing and violation of M.G.L. c. 93A, respectively. Counts IV, V and VI make the same allegations against Chambers and Count VII seeks a declaratory judgment that the non-competition agreements of Brackett and Chambers are valid and enforceable, and have been breached by the actions of the individual defendants. This Court's subject matter jurisdiction is premised upon the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a).

On June 14, 1996, defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), or, in the alternative, to transfer the action to the Western District of Texas, pursuant to 28 U.S.C. § 1404(a). Defendants also move to dismiss the claims against Sterling, pursuant to Fed.R.Civ.P. 12(b)(7) because, they assert, Brackett and Chambers are indispensable parties under Fed.R.Civ.P. 19 who cannot be joined in this action.

## I. *Factual Background*

FAI is a Massachusetts corporation with its principal place of business in Bolton, Massachusetts. FAI sells, markets and distributes various electronic products including transistors, power switches and computer memory devices to customers in the United States and Canada. It operates sales offices throughout the United States including Texas and Colorado. Brackett is a resident of Wheatridge, Colorado, Chambers is a resident of Austin, Texas and both are electronic products salesmen. Sterling, a Texas corporation, is a competitor of FAI and is headquartered in Houston, Texas. Sterling conducts business across the United States through various branch offices, including one in Colorado and one in Massachusetts.

Brackett was employed by FAI in Colorado from August 1993 through March 1996 as an account executive and later as a senior account executive. Chambers was employed by FAI in Texas from March 1994 through March 1996 as an account executive. Brackett and Chambers signed the non-competition agreements at issue (the "Agreements") on December 6, 1995 and December 28, 1995, respectively. The Agreements require, that for one year after termination of their employment, Brackett and Chambers will refrain from becoming

employed by or associated with in any capacity whatsoever (including but not limited to, as an employee, owner, shareholder, agent or independent contractor) in any business which sells, markets or distributes any of the products sold, marketed, distributed or otherwise handled by [FAI] in (i) any geographic territory where [Brackett/Chambers] performed services for [FAI] or (ii) with any customer that [Brackett/Chambers] had direct contact with regardless of the geographic location of that customer.

The Agreements both declare that they shall be interpreted under Massachusetts law.

Plaintiff alleges that Sterling hired Brackett and Chambers in Colorado and Texas, respectively, and that Brackett and Chambers violated the terms or their agreements by accepting employment with Sterling in the same geographic region where they had performed services for FAI. Plaintiff further alleges that Chambers has violated the Agreement by contacting, soliciting and/or servicing present customers of FAI since he left FAI to join Sterling. Against Sterling, plaintiff alleges that Brackett and Chambers were hired with Sterling's knowledge that each was prohibited by their non-competition agreements from accepting employment with Sterling. Plaintiff claims that Sterling intends to reap the benefit of goodwill belonging to FAI as well as to misappropriate FAI's confidential and proprietary information.

## II. *Discussion*

A. *Defendants' Motion to Dismiss Plaintiff's Complaint against Brackett and Chambers for Lack of Personal Jurisdiction.*

On October 2, 1996 Chief Judge Tauro of this District ruled on a motion to dismiss an action brought by the same plaintiff involving facts strikingly similar to those of the case at bar. *F.A.I. Electronics Corp. v.*

*Brian Hotta and Wyle Electronics, Inc.*, Civil Action No. 96–10238–JLT. The defendants in that case were also a former salesman and a competitor company by whom he was subsequently employed. The claim involved the alleged violation of a non-competition agreement that the salesman signed in conjunction with his employment at FAI.[1]

Relying on Judge Tauro's careful analysis of the issue of personal jurisdiction in *Hotta,* this Court sees no need to lay out again its logical framework. As the court concluded in *Hotta* and for similar reasons, this Court concludes that there were significant contacts between the defendants, Brackett and Chambers, and the Commonwealth of Massachusetts sufficient to satisfy the requirements of both the Massachusetts long-arm statute and the Due Process clause of the United States Constitution. *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994).

Brackett and Chambers entered into employment agreements with a Massachusetts Corporation. In furtherance of their relationship with FAI, Brackett and Chambers placed orders for electronic components which were processed, distributed and administered in Massachusetts. For Brackett and Chambers the Bolton, Massachusetts office: 1) paid their salary, 2) paid and administered their commissions, health insurance and retirement benefits, and 3) handled all of their correspondence in connection with their placement of orders with, and receipt of benefits from, FAI. For instance, Brackett, upon electing to participate in FAI's 401(k) plan, mailed his request to the Bolton, Massachusetts office.

B. *Defendants' Motion to Dismiss the Complaint Because Venue is Not Proper.*

■ Defendants assert that Massachusetts is not a proper venue for this action. The relevant section of Title 28 of the United States Code provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(a)(2). Under that section there may be several districts that qualify for proper venue. *Setco Enterprises Corp. v. Robbins,* 19 F.3d 1278 (8th Cir.1994); *VDI Technologies v. Price,* 781 F.Supp. 85, 94 (D.N.H.1991). Thus, a court need not determine which district was the site of the most substantial events or omissions. *Merchants National Bank v. Safrabank,* 776 F.Supp. 538, 541 (D.Kan. 1991) (venue still proper in Kansas even though more of the events occurred in California). As stated by the court in *Pfeiffer v. Insty Prints,* No. 93–C–2937, 1993 WL 443403, at 2 (N.D.Ill. Oct. 29, 1993),

> The test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district.

As discussed *supra,* Brackett and Chambers had substantial contacts with the Commonwealth throughout their employment with FAI. As applied to the case at bar, 28 U.S.C. § 1391(a)(2) renders Massachusetts a proper venue in which to litigate this action.

C. *Defendants' Motion to Transfer All Claims Against Defendants to the U.S. District Court for the Western District of Texas.*

■ A district court may, "for the convenience of parties and witnesses" and "in the interest of justice," transfer a civil action to any other district where it may have been brought originally. 28 U.S.C. § 1404(a). The burden rests with the defendant to show that a transfer is warranted. *Shipley Company, Inc. v. Clark,* 728 F.Supp. 818, 822 (D.Mass.1990).

■ The factors to be considered by a court in ruling on a motion to transfer in-

---

1. The employment agreement at issue in *Hotta* differed from those at issue here in that Hotta's agreement contained the following jurisdictional proviso:

   > To the extent consistent with the jurisdictional principles, any action relating to the terms and provisions of [the] Agreement shall be commenced in any court of competent jurisdiction in Massachusetts.

   Sometime after Hotta signed his employment agreement on March 29, 1994, FAI amended its standard employment agreement by omitting the above-referenced jurisdictional clause. The Agreements signed by Brackett and Chambers did not contain the quoted language, but its circularity adds nothing to the debate on jurisdiction as plaintiff apparently concedes by virtue of its deletion.

clude (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Here, FAI's suit could have been brought in Texas. *See* 28 U.S.C. § 1391(b). The majority of the defense witnesses will be in Texas and Brackett has consented to jurisdiction in Texas. FAI has alleged that its damages will be primarily determined by proof of Sterling's ill-begotten gains flowing from the alleged breach by Brackett and Chambers. If that is so, the bulk of the testimony and evidence concerning such ill-begotten gains will come from Sterling employees and records kept in Texas. Most of FAI's personnel with knowledge of the events that gave rise to this action are located in Texas and Colorado and, not coincidentally, FAI maintains an office in Texas. The Court concludes that transfer of this action is therefore appropriate under 28 U.S.C. § 1404(a).

D. *Defendants' Motion to Dismiss Claims Against Sterling Because Brackett and Chambers are Indispensable Parties.*

This court's determination that this case should be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a) renders the final pending motion to dismiss moot.

### ORDER

For the foregoing reasons:

1) Defendants' motion to dismiss the plaintiff's complaint against defendants, Chambers and Brackett, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction is **DENIED;**

2) Defendants' motion to dismiss the complaint against all defendants, pursuant to Fed.R.Civ.P. 12(b)(3), because venue is not proper under 28 U.S.C. § 1391(a) is **DENIED;**

3) Defendants' motion to transfer all claims against all defendants to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. § 1404(a) is **ALLOWED;**

4) Defendants' motion to dismiss the claims against the defendant Sterling pursuant to Fed.R.Civ.P. 12(b)(7), because Brackett and Chambers are indispensable parties under Fed.R.Civ.P. 19 is moot and therefore **DENIED;**

5) The court orders that the Clerk transfer this matter to the United States District Court for the Western District of Texas; and

6) The Clerk shall mail to the Clerk of the Western District of Texas a certified copy of this Order, the docket entries and the originals of all papers on file in this case, except for the instant order.

So ordered.