Environamics v. Trimatek                    CV-96-273-M    04/16/97

UNITED STATES DISTRICT COURT

                DISTRICT OF NEW HAMPSHIRE


Environamics Corporation,
      Plaintiff

      v.                                    Civil No. 96-273-M

Trimatek, Inc.,
      Defendant



                        **O R D E R**

      This dispute arises from the parties' contradictory
interpretations of a purchase order (as amended).  The purchase
order was sent by plaintiff, Environamics Corporation, to be
filled by defendant, Trimatek, Inc.  Environamics claims that
neither party intended that it would purchase more than 1000 pump
bearing frames from Trimatek, while Trimatek says that the
purchase order unambiguously obligates Environamics to purchase
4000 pump bearing frames, which is precisely what Trimatek
expected Environamics to do.  Presently before the court are
defendant's motion to dismiss for lack of personal jurisdiction
and its motion for change of venue.


                        **Background**

      Environamics is a Delaware corporation, with a principal
place of business in Hudson, New Hampshire.  It manufactures and
sells pumps and pump technology for use in industrial
applications.  Trimatek is a small, closely held New York

corporation, with a principal place of business in Fairport, New York, where it operates a machine shop.

In the spring of 1994, the parties discussed the possibility of entering into a business relationship, in which Trimatek would produce certain pump bearing frames for Environamics. At the time, Environamics was wholly owned by Goulds Pumps, Inc., a publicly traded corporation with headquarters in Fairport, New York. The parties have represented that they reduced their understanding to writing, in the form of a purchase order. The purchase order apparently provided that Trimatek would produce and Environamics would purchase 1000 bearing frames. Neither party has, however, provided the court with a copy of that contract.[1]

On or about May 16, 1994, Phil Hollenbeck, an employee of Environamics, amended the purchase order, adding "item B," which provided that Trimatek would produce and Environamics would purchase an additional 3000 bearing frames. Defendant claims that the written modification to the purchase order obligates Environamics to in fact purchase an additional 3000 bearing frames, which Environamics has failed to do. Environamics, on

---

[1] Although defendant represents that the purchase order is appended to the affidavit of John H. Schwartz, it is not. Nevertheless, defendant represents that the purchase order does not contain a choice of law or choice of forum provision, does not require defendant to have significant contacts with the State of New Hampshire, and does not specify shipping instructions.

the other hand, claims that the parties executed the amendment to the purchase order _solely_ for the purpose of facilitating Trimatek's acquisition of financing. In essence, Environamics says that it and Trimatek created a false purchase order for the purpose of deceiving Trimatek's lenders and that both parties understood that the amended purchase order was not intended to be binding upon Environamics. Accordingly, it seeks a declaration that it is not obligated under the amended purchase order to purchase the additional 3000 units.

**Discussion**

I.   Jurisdictional Inquiry.

Although neither party has provided the court with a critical document -- the purchase order -- the record as it presently stands suggests that Trimatek knowingly and purposefully availed itself of the privilege of conducting business in New Hampshire and that this litigation arises from or relates to Trimatek's contacts with this state. See United Elec. Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1089-90 (1st Cir. 1992). Trimatek knowingly and voluntarily entered into a contractual relationship with Environamics, a company it knew was headquartered in New Hampshire, manufactured and delivered to New Hampshire items solicited by Environamics,[2] purposefully directed

---

[2] The parties have failed to disclose where Environamics actually took title to those products. For example, if it took delivery "F.O.B. Nashua," then title would have remained in Trimatek until the products had actually reached Nashua, New Hampshire. Of course, the parties may have provided for

3

telephone calls, mail, and facsimile transmissions to Environamics' New Hampshire office, and sent business representatives to Environamics' New Hampshire facility on several occasions.

In light of the foregoing, the court concludes that Environamics has made the requisite prima facie showing that Trimatek's conduct bears a sufficiently substantial connection with New Hampshire that it should reasonably have anticipated being haled into court in this forum. The court recently discussed the principles governing the exercise of in personam jurisdiction over a non-resident corporation in a substantially similar case, Environamics Corp. v. Thelco Corp., Civil No. 96-68-M (August 26, 1996). (For the benefit of counsel and the parties, the court has attached a copy of that slip opinion to this order.)

II. Trimatek's Motion to Change Venue.

Trimatek moves, pursuant to 28 U.S.C. 1404(a), to transfer this case to the United States District Court for the Western District of New York. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district where it might have been brought.

alternate shipping instructions. At this point, the record is simply unclear in that regard.

4

Authority to transfer a case pursuant to 28 U.S.C. 1404(a) is committed to the court's broad discretion. United States ex rel. LaValley v. First Nat'l. Bank, 625 F.Supp. 591, 594 (D.N.H. 1985). Although no single factor is dispositive, a court should consider: "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) [the] cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively." F.A.I. Electronics Corp. v. Chambers, 944 F.Supp. 77, 80-81 (D.Mass. 1996) (citation omitted); see also Buckley v. McGraw-Hill, Inc., 762 F.Supp. 430, 439 (D.N.H. 1991) (when ruling upon a motion to transfer under Section 1404(a), the court will consider such factors as the "convenience of the parties and witnesses and the availability of documents needed for evidence."). Here, Trimatek bears the burden of demonstrating that those factors weigh in favor of transfer. Id. "[T]he Supreme Court has held that '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Applying that standard, the court concludes that this is a case in which plaintiff's choice of forum should be disturbed and that transfer is warranted. First, courts generally recognize that the convenience of the witnesses is the most significant

5

factor to be considered in Section 1404(a) analysis. <u>Buckley v. McGraw-Hill, Inc.</u>, 762 F.Supp. at 440. Here, it is acknowledged that one of the most significant witnesses, for both parties, is Phil Hollenbeck, the former employee of Environamics (presently employed by Goulds Pumps) who executed the amendment to the purchase order on behalf of Environamics.[3] Hollenbeck resides in the Western District of New York and is beyond the reach of this court's subpoena power. Additionally, he has, through counsel, represented to Trimatek that he will not voluntarily cooperate with either party to this litigation absent a court order. Trimatek has also identified two other witnesses who it says are critical to its defense who also reside in the Western District of New York. Accordingly, the court concludes that the convenience of the witnesses who are likely to be called in this matter (particularly those who are not employed by the parties) strongly counsels in favor of transferring this action to the Western District of New York to insure a fair resolution.

In determining whether transfer is appropriate, the court may also consider the relative financial hardship upon the litigants and their respective abilities to prosecute or defend an action in a particular forum. <u>See, e.g.</u>, <u>O'Brien v. Goldstar Technology, Inc.</u>, 812 F.Supp. 383, 387 (W.D.N.Y. 1993) ("While the relative economic ability of the parties to proceed with a

_____

[3] In fact, Environamics acknowledges that Hollenbeck is the <u>only</u> non-party witness who "has any knowledge or information relevant to this matter." Plaintiff's Objection at 16.

6

case has rarely been a dispositive reason to grant or deny a motion to transfer, financial ability to bear the costs of a change of venue is a relevant factor for the court to consider in weighing the convenience to the parties.") (citations and internal quotations omitted); Pellegrino v. Stratton Corp., 679 F.Supp. 1164, 1167 (N.D.N.Y. 1988) ("In addition to the factors listed above, the relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider."). Here, Trimatek is a small, closely held, family owned corporation, operated by John Schwartz and his father. At various times, due to financial constraints, Mr. Schwartz has been required to simultaneously act as the company's chief executive officer, financial officer, equipment operator, outside salesman, and shipping clerk. Affidavit of John Schwartz at para. 15. Trimatek's difficulty in securing the services of local counsel in this matter also attests to its limited financial resources.

Environamics, on the other hand, was formerly a wholly owned subsidiary of Goulds Pumps, a publicly-traded international corporation. The record is devoid of any factual allegations which might indicate that it lacks the present financial ability to effectively prosecute this case in the Western District of New York. In fact, a review of this court's docket reveals that Environamics has brought several substantial actions in this

7

forum in just the past 18 months, suggesting that it has sufficient financial resources to devote to the pursuit of what it perceives to be its legal rights and remedies.

In the end, the court concludes that the balance of conveniences and the interests of justice, Gulf Oil Corp., 330 U.S. at 508, counsel in favor of transferring this proceeding to the United States District Court for the Western District of New York.

## Conclusion

For the foregoing reasons, the court holds that it may, consistent with constitutional requirements of due process and fundamental notions of justice and fairness, exercise in personam jurisdiction over Trimatek. Nevertheless, the court concludes that the transfer of this matter to the Western District of New York is both just and appropriate. Accordingly, Trimatek's motion to dismiss (document no. 19) is denied. Its motion for change of venue (document no. 20) is, however, granted. The Clerk of the Court is instructed to transfer this proceeding to the United States District Court for the Western District of New York.

**SO ORDERED.**


                                       _____
Steven J. McAuliffe
United States District Judge

April 16, 1997

cc:  Michael C. Harvell, Esq.
      Wayne F. DeHond, Esq.
      Warren C. Nighswander, Esq.