Piche v. Screen, USA                         CV-96-456-M    06/02/97

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Stephanie Piche,
      Plaintiff

      v.                                        Civil No. 96-456-M

Screen, U.S.A. and
Jeff Angelson,
      Defendants



                            **O R D E R**


      Stephanie Piche brings this action seeking compensation for
alleged acts of sexual harassment, breach of contract, wrongful
discharge, and other common law torts.  Count 12 of her complaint
sets forth a claim under Title VII of the Civil Rights Act of
1964, 42 U.S.C. § 2000e et seq.  The remaining counts of her
complaint allege various state law claims, over which she asks
the court to exercise supplemental jurisdiction.  Defendants,
Screen, U.S.A. and Jeff Angelson, move to dismiss, claiming that
the court lacks personal jurisdiction over them.  In the
alternative, defendants move to transfer this matter to the
United States District Court for the District of New Jersey.
Plaintiff objects.

## Background

In the summer of 1993, a corporate recruiter hired by Screen contacted plaintiff, then a New Hampshire resident, to determine whether she was interested in becoming Screen's New England sales representative. Plaintiff learned that the sales territory included New Hampshire, Massachusetts, Maine, Rhode Island, and Vermont. She also learned that Screen required its regional sales representatives to live within their respective sales territories. Subsequently, plaintiff interviewed with defendant Angelson at Screen's New Jersey office.

In September of 1993 Screen hired plaintiff, who then established a regional sales office in her home (originally in Hampton and later in East Hampstead, New Hampshire). Screen paid for the installation of a second phone line in her home office and provided her with business cards which displayed the Screen logo, the address of plaintiff's home office, and her business telephone number. Angelson acted as plaintiff's immediate supervisor. According to plaintiff, Angelson traveled to New Hampshire on several occasions, to provide support and assistance in securing new customer accounts and to personally service the account of Chromadyne Corporation, which is located in Salem, New Hampshire.

Plaintiff estimates that during her tenure as a regional sales representative for Screen, approximately 25% of her sales took place in New Hampshire. During the 12 month period

2

beginning in March of 1994, plaintiff made sales on behalf of Screen in excess of $2.6 million in New England. See Exhibit 3 to plaintiff's objection. On March 14, 1995, plaintiff secured from Chromadyne a purchase order totaling over one-half million dollars. See Exhibit 9 to plaintiff's objection to motion to dismiss (document no. 11). Plaintiff also claims that following her departure from Screen, Angelson received a commission on a sale of approximately $300,000 to Chromadyne.

**Discussion**

I.  Personal Jurisdiction.

In support of their lack of personal jurisdiction claim, defendants say, among other things, that:

> Defendant Screen U.S.A. is a California corporation and maintains its principal office in New Jersey. Screen U.S.A. has no offices in New Hampshire, is not qualified to do business in New Hampshire, has no assets here, holds no meetings here, and has no employees or agents based here.

Defendants' motion to dismiss (document no. 10) at para. 2 (emphasis supplied). See also defendants' memorandum in support of motion to dismiss at 2. While those statements may paint a reasonably accurate picture of Screen's current contacts with New Hampshire (Screen now operates its New England sales office from Massachusetts), they are, at best, a misleading portrayal of its contacts with this state during the period relevant to this proceeding, when it did maintain a sales office in New Hampshire,

3

did solicit substantial business from New Hampshire entities, and did make significant sales to New Hampshire businesses.[1]

In light of defendants' undoubtedly inadvertent failure to address facts relevant to this inquiry, and given the relevant facts alleged (and properly supported) by plaintiff, it is plain that these defendants purposefully availed themselves of the privilege of doing business in New Hampshire. In fact, both Screen and Angelson benefitted substantially from the contacts they maintained with this state and the business they conducted in this state. Moreover, the court concludes that the exercise of personal jurisdiction over defendants would be entirely consistent with New Hampshire's long arm statutes and comports with federal constitutional due process and traditional notions of justice and fairness. See, e.g., International Shoe Co. v. Washington, 326 U.S. 310 (1945); Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995); Pelchat v. Sterilite Corp., 931 F.Supp. 939 (D.N.H. 1996).

II. Venue.

---

[1] In his affidavit, Frederick Weierstall, the Human Resources Administrator at Screen, states that "Screen has never maintained an office in New Hampshire." Weierstall affidavit at para. 3 (emphasis supplied). While it is unclear what Screen and Mr. Weierstall mean when they use the word "office," it is clear that plaintiff maintained a base of operations in her New Hampshire home, in which Screen installed a business phone line and from which plaintiff conducted substantial business on behalf of Screen in New Hampshire. Regardless of the terminology used, it is plain that Screen maintained a substantial presence in New Hampshire through plaintiff.

4

Pursuant to 28 U.S.C. 1404(a), defendants move to transfer this case to the United States District Court for the District of New Jersey.  Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district where it might have been brought.

Authority to transfer a case pursuant to 28 U.S.C. 1404(a) is committed to the court's broad discretion.  United States ex rel. LaValley v. First Nat'l. Bank, 625 F.Supp. 591, 594 (D.N.H. 1985).  Although no single factor is dispositive, a court should consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) [the] cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively.

F.A.I. Electronics Corp. v. Chambers, 944 F.Supp. 77, 80-81 (D.Mass. 1996) (citation omitted); see also Buckley v. McGraw-Hill, Inc., 762 F.Supp. 430, 439 (D.N.H. 1991) (when ruling upon a motion to transfer under Section 1404(a), the court should consider such factors as the "convenience of the parties and witnesses and the availability of documents needed for evidence.").

Here, defendants bear the burden of demonstrating that those factors weigh in favor of transfer.  Buckley, 762 F.Supp. at 439.

"[T]he Supreme Court has held that '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). Applying that standard, and in the exercise of its discretion, the court concludes that this is a case in which plaintiff's choice of forum should not be disturbed and that transfer is not warranted. With regard to plaintiff's Title VII claim, venue is proper in this district. See 42 U.S.C. 2000e-5(f)(3) (providing, among other things, that venue is proper "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."). And, in light of the factors outlined above, including the convenience of witnesses and the relative financial abilities of the parties, the court concludes that venue in this district is also proper with regard to plaintiff's state common law and statutory claims. See O'Brien v. Goldstar Technology, Inc., 812 F.Supp. 383, 387 (N.D.N.Y. 1993); Buckley v. McGraw-Hill, Inc., 762 F.Supp. at 440; Pellegrino v. Stratton Corp., 679 F.Supp. 1164, 1167 (N.D.N.Y. 1988).

In the end, the court holds that the balance of conveniences and the interests of justice, Gulf Oil Corp., 330 U.S. at 508, counsel in favor of denying defendants' motion to change venue.

**Conclusion**

6

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction (document no. 10) is denied. Likewise, defendants' motion to transfer (document no. 9) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 2, 1997

cc:  Timothy C. Coughlin, Esq.
     James P. Bassett, Esq.