Coon, et al. v. Springfield, et al.   CV-99-369-M   02/08/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Donald J. Coon, et al.,
     Plaintiffs

     v.                                 Civil No. 99-369-M
                                        Opinion No. 2000 DNH 035
Town of Springfield,
Vermont, et al.,
     Defendants


**O R D E R**


     Plaintiffs bring this action seeking damages for alleged

violations of their civil rights.  See 42 U.S.C. § 1983.  Their

complaint also arguably sets forth various state law causes of

action.  Defendants move to dismiss, claiming that the court

lacks personal jurisdiction over them.  Plaintiffs object.


**Discussion**

     Pro se plaintiff Donald Coon and the family members he seeks

to represent in this action appear to have been residents of

Vermont during most, if not all, of the period of time during

which the events forming the basis of their complaint occurred.

At some subsequent point, however, it appears that they lost their apartment and then lived in several different New Hampshire communities. The record suggests that they now live in Claremont, New Hampshire. Consequently, it appears that subject matter jurisdiction over their federal claims is premised on federal question jurisdiction (28 U.S.C. § 1331), while subject matter jurisdiction over plaintiffs' state law claims is based upon diversity of citizenship (28 U.S.C. § 1332) or supplemental jurisdiction.

The substance of plaintiffs' complaint appears to focus on an allegedly illegal drug investigation in which Coon was a suspect. He says that on numerous occasions during his residency in Springfield and elsewhere, he was subjected to police harassment, unlawful searches and seizures, wrongful prosecution, and various other injuries. The details of plaintiffs' claims are set forth with greater particularity in the Report and Recommendation submitted by the Magistrate Judge on December 21, 1999 (document no. 9).

Defendants claim that they lack sufficient "minimum contacts" with New Hampshire for this court to exercise personal jurisdiction over them. In fact, they say that the record is devoid of any evidence that they have had any contacts whatsoever with this forum. Unfortunately, defendants' motion to dismiss (and the precedent upon which they rely) focuses exclusively on the issue of personal jurisdiction over defendants in diversity cases. This is a federal question case and the scope of this court's personal jurisdiction over foreign defendants in a federal question case is not addressed. See, e.g., United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) ("Inasmuch as the federalism concerns which hover over the jurisdictional equation in a diversity case are absent in a federal question case, a federal court's power to assert personal jurisdiction is geographically expanded. In such circumstances, the Constitution requires only that the defendant have the requisite 'minimum contacts' with the United States, rather than with the particular forum state (as would be required in a diversity case).").

So, defendants' motion is not well grounded.  What is clear
from the record, however, is that all (or certainly the vast
majority) of the relevant events underlying plaintiffs' causes of
action occurred in the District of Vermont.  Similarly, all of
the defendants and most of the witnesses likely to be called at
trial reside in Vermont.  Even plaintiffs live closer to Vermont
than the courthouse in Concord, and it will no doubt be easier
for them to proceed in Vermont.  Accordingly, it would appear
that the most appropriate venue for plaintiffs' claims is in that
district.  See 28 U.S.C. § 1391(b) ("A civil action wherein
jurisdiction is not founded solely on diversity of citizenship
may . . . be brought only in (1) a judicial district where any
defendant resides, if all defendants reside in the same State;
(2) a judicial district in which a substantial part of the events
or omissions giving rise to the claim occurred . . ..").

## Conclusion

For the foregoing reasons, defendants' motion to dismiss for
lack of personal jurisdiction (document no. 17) is denied.

4

Nevertheless, in the interest of justice and for the convenience of the parties and witnesses, this matter shall be transferred to the United States District Court for the District of Vermont, unless, within 30 days of the date of this order either party shows sufficient cause why it should not be transferred. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); F.A.I. Electronics Corp. v. Chambers, 944 F.Supp. 77, 80-81 (D.Mass. 1996) (holding that although no single factor is dispositive, a court should consider: "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) [the] cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively.") (citation omitted).

The Clerk of Court shall take the steps necessary and appropriate to transfer this matter to the United States District Court for the District of Vermont.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 8, 2000

cc:  Donald J. Coon
     John P. Sherman, Esq.
     James C. Wheat, Esq.

6