Pure Distributors v. Baker            CV-99-412-M    05/10/00
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Pure Distributors, Inc,
d/b/a/ Environ International
and Matthew J. Freese,
      Plaintiffs

      v.                                 Civil No. 99-412-M
                                         Opinion No. 2000 DNH 116
Christopher Baker,
      Defendant


                         **O R D E R**


      Defendant, Christopher Baker, moves to dismiss plaintiffs'

complaint, asserting that the court lacks personal jurisdiction

over him and saying that plaintiffs' claims are barred by the

statute of limitations.  In the alternative, he moves to transfer

this action to the United States District Court for the District

of Massachusetts, where a related suit is pending.  See 28 U.S.C.

§ 1404(a).  Plaintiffs object.


                         **Background**

In 1993, Dr. Barry Sears of Surfactant Technologies, Inc. ("STI") and Matthew Freese of Pure Distributors, Inc. (d/b/a Envion International) entered into an agreement under which Pure Distributors acquired the exclusive marketing rights to all consumer products developed by STI. In 1996, STI sued Pure Distributors and Freese in the United States District Court for the District of Massachusetts. That dispute apparently involves, among other things, STI's claim that Pure Distributors and Freese failed to pay any royalties to STI and Sears, notwithstanding the fact that they allegedly sold over $30 Million worth of products covered by the parties' distribution agreement.

Subsequently, Freese and Pure Distributors filed claims against Baker's company, Eicotech Corporation, alleging that Eicotech wrongfully induced Sears and STI to abandon the distribution agreement by urging Sears to use Eicotech as a vehicle to develop products to compete with those developed for Pure Distributors. The record before this court is sparse and unclear, but it appears that in June of 1999, the District Court

2

in Massachusetts dismissed that claim (at least in part), and that claim is substantially similar to the one Pure Distributors and Freese now advance in this court. The only apparent difference is that Pure Distributors and Freese are now pursuing Eicotech's principal, Baker, rather than Eicotech itself, on an intentional interference with contractual relations claim.

## Discussion

Baker moves, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the District of Massachusetts. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district where it might have been brought.

Authority to transfer a case pursuant to 28 U.S.C. § 1404(a) is committed to the court's broad discretion. See United States ex rel. LaValley v. First Nat. Bank, 625 F.Supp. 591, 594 (D.N.H. 1985). Although no single factor is dispositive, a court should consider: "(1) the convenience of the parties, (2) the

3

convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) [the] cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively." F.A.I. Electronics Corp. v. Chambers, 944 F.Supp. 77, 80-81 (D.Mass. 1996) (citation omitted); see also Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 12 (1st Cir. 1987) ("Factors to be considered by the district court in making its determination include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation."). Here, Baker bears the burden of demonstrating that those factors weigh in favor of transfer.

Applying that standard, and in the exercise of its discretion, the court concludes that this is a case warranting transfer. First, the Massachusetts action has been pending for approximately three years, during which time the parties have

4

engaged in substantial discovery and the court has issued several pre-trial rulings. It has (apparently) also conducted what Baker refers to as the "first phase of a trial on issues that affect this case." Defendant's memorandum (document no. 8) at 10. Additionally, virtually the same claims raised in this case have also been raised in the Massachusetts case; as noted above, the only difference is that in this proceeding, Freese and Pure Distributors are pursuing Baker personally for intentional interference, whereas in the Massachusetts action they assert claims against his corporation.

Because this case raises many of the same legal and factual issues raised in the Massachusetts action, and because it will, no doubt, involve many of the same witnesses and documentary exhibits, it would be both inconvenient to those witnesses and an inefficient use of judicial resources to allow substantially similar actions to proceed in different forums. See, e.g., Cianbro Corp., 814 F.2d at 11 ("Where identical actions are proceeding concurrently in two federal courts, entailing

5

duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision.") (citation omitted); Continental Grain Co. v. The Barge FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Moreover, the Massachusetts District Court is very familiar with this case and the parties' respective claims and defenses, having already resolved, at least in part, the claims advanced by Freese and Pure Distributors against Eicotech.  Finally, because the parties have already been litigating this dispute in Massachusetts for three years, appearing in that forum would pose no substantial burden or inconvenience to anyone.

In the end, the court concludes that the balance of conveniences and the interests of justice counsel in favor of

transferring this proceeding to the United States District Court for the District of Massachusetts.  <u>See generally</u> <u>Gulf Oil Corp.</u> <u>v. Gilbert,</u> 330 U.S. 501, 508 (1947).


## Conclusion

Defendant's motion to dismiss or transfer (document no. 8) is granted in part and denied in part.  Insofar as defendant seeks the transfer of this proceeding to the United States District Court for the District of Massachusetts, the motion is granted.  In all other respects, it is denied as moot.  The Clerk of Court shall arrange for the transfer of this action to the United States District Court for the District of Massachusetts.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 10, 2000

cc:  James E. Higgins, Esq.
     Brian T. Tucker, Esq.

7