Adam v. Hawaii Property, et al.      CV-04-342-SM  03/21/05
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Richard Adam,
      Plaintiff

      v.                                Civil No. 04-342-SM
                                        Opinion No. 2005 DNH 048
Hawaii Property Insurance Association
and Island Insurance Companies, Ltd.,
      Defendants


                          O R D E R


      Pro se plaintiff, Richard Adam, brings this action against

Island Insurance Companies and the Hawaii Property Insurance

Association, seeking damages for alleged violations of his civil

rights.  He also advances several state common law claims,

essentially sounding in fraud.  The parties' dispute appears to

arise out of defendants' refusal to pay an insurance claim that

Adam submitted when his home was damaged by fire - a fire which

defendants say Adam purposefully started.  The record suggests

that Adam attempted (unsuccessfully) to litigate substantially

similar claims in Hawaii, where the fire-damaged home is located

and where, until recently, Adam resided.

By prior order, the court denied, without prejudice, defendants' motion to dismiss and directed Adam to file an amended complaint, which more clearly states the legal and factual basis for his claims. Adam complied and, in his amended complaint (document no. 8), he sets forth four federal causes of action, invoking the provisions of 42 U.S.C. §§ 1981, 1982, 1983, 1985(5), and 1986. Those claims generally assert that defendants engaged in various forms of racial discrimination, conspiracy, and fraud. Adam also advances three state law claims, all of which arise out of defendants' alleged acts of fraud and bad faith in handling Adam's insurance claim.

Defendants move to dismiss all counts in Adam's amended complaint. In support of that motion, defendants advance three arguments: first, they say this court lacks personal jurisdiction over them; next, they assert that the District of New Hampshire is not the proper venue for Adam's suit; and, finally, defendants assert that Adam's complaint fails to state a claim upon which relief may be granted, in that his claims are barred by the pertinent statutes of limitation and because

2

defendants are, pursuant to Hawaii state law, immune from suit. Adam objects.

## Standard of Review

Because at least some of Adam's claims arise under federal law, the court's inquiry into whether it may exercise personal jurisdiction over defendants is necessarily distinct from the inquiry applicable in diversity cases. See generally United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080 (1st Cir. 1992). In a federal question case, "the constitutional limits of the court's personal jurisdiction are fixed . . . not by the Fourteenth Amendment but by the Due Process Clause of the Fifth Amendment." Id. at 1085. As the court of appeals has observed, this distinction is important "because under the Fifth Amendment, a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).

Importantly, however, "the plaintiff must still ground its service of process in a federal statute or civil rule." Id. In

3

other words, Adam must demonstrate either: (1) that a federal statute invoked in his complaint authorizes nation-wide service of process; or (2) that defendants were served with a copy of his complaint in a way that comports with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Additionally, of course, Adam must also show that defendants have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (citation and internal punctuation omitted), and that the defendants' conduct bears such a "substantial connection with the forum State" that they "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-75 (1985) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).


## Discussion

I.  The Court Lacks Personal Jurisdiction over Defendants.

As the party invoking this court's jurisdiction, Adam bears the burden of proving that the court may properly exercise personal jurisdiction over defendants. He has failed to carry

4

that burden.  First, while Adam has noted that defendants received a copy of his complaint, he has not shown that the complaint was properly served in accordance with either a federal statute or rule.  Because Adam has failed to demonstrate that any of the federal statutes invoked in his complaint authorize national service of process, he must necessarily prove that defendants were served in accordance with the requirements of Rule 4.  He has failed to make such a showing.  See generally Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97 (1987) (decided prior to the 1993 amendments to Rule 4).  See also PDK Labs v. Friedlander, 103 F.3d 1105, 1108-09 (2d Cir. 1997); Burstein v. State Bar of California, 693 F.2d 511, 514-23 (5th Cir. 1982).

More fundamentally, however, Adam has failed to demonstrate that the court may, consistent with constitutional principles of due process and fundamental fairness, exercise personal jurisdiction over defendants.  According to defendants, they:

1. Do not solicit business in New Hampshire or conduct marketing activities directed toward this state;

2. Do not maintain offices, employees, or agents in this state;

5

3. Are not organized under the laws of New Hampshire nor are they licensed to conduct business in this state (Hawaii Property Insurance Association was created by act of the Hawaii state legislature and Island Insurance Companies is organized under the laws of the State of Hawaii);

4. Have no customers who reside in the State of New Hampshire; and

5. Only had contact with this forum in a way related to Adam's litigation <u>after</u> Adam moved here and instructed them to direct all communications to him in this state.

<u>See</u> Affidavit of Michael Anderson, Exhibit 1 to defendant's motion to dismiss.

Based upon the record before it, the court cannot conclude that it may exercise either specific or general personal jurisdiction over defendants, in a manner that is consistent with protections afforded them by the United States Constitution. <u>See generally</u> <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 34-35 (1st Cir. 1998).

II. <u>Transfer of this Case is Warranted.</u>

Even if circumstances were such that the court could properly exercise jurisdiction over defendants, it would still

6

elect to transfer this proceeding to the United States District Court for the District of Hawaii.

Section 1404(a) of Title 28 provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Authority to transfer a case pursuant to that statute is committed to the court's broad discretion. See United States ex rel. La Valley v. First Nat'l Bank, 625 F. Supp. 591, 594 (D.N.H. 1985). See also 28 U.S.C. § 1406 (authorizing transfer to cure venue defect); 28 U.S.C. § 1631 (authorizing transfer to cure lack of jurisdiction).

As the parties seeking transfer, defendants bear the burden of demonstrating that transfer is warranted. See, e.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (decided prior to

7

the enactment of section 1404(a), but discussing and applying the related common law doctrine of forum non conveniens).

In Gulf Oil, the Court identified the following factors as being relevant when determining whether dismissal, under the doctrine of forum non conveniens, is appropriate:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

> \* \* \*

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather

> than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Id. at 508-09.


Shortly after the Gulf Oil opinion issued, Congress enacted section 1404(a) to alleviate some of the harshness of result associated with the doctrine of forum non conveniens and to authorize courts to transfer, rather than simply dismiss, civil actions that were brought in inappropriate venues. See generally Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981). Nevertheless, the factors identified by the Court in Gulf Oil remain relevant when considering whether, under section 1404(a), it is appropriate to transfer an action.

> The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. . . . As a consequence, we believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.

Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).

9

In light of all the relevant factors which bear upon the question of transfer under section 1404(a), the court concludes that this is a case in which plaintiff's choice of forum should be disturbed and transfer ordered.  First, courts generally recognize that the convenience of the witnesses is one of the most significant factors to be considered in any analysis under section 1404(a).  See, e.g., Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 440 (D.N.H. 1991).  Here, plaintiff and his family members appear to be the only witnesses who reside in New Hampshire.  Virtually all other material witnesses live in Hawaii (though, according to plaintiff, some now live in Florida and Arizona).  Obviously, many relevant witnesses are employed by defendants and live in Hawaii.  But, other residents of Hawaii who are not employed by defendants are also likely to have relevant information relating to plaintiff's claims, including local police officers, the fire marshal, Adam's former neighbors, and the eye-witnesses to the fire who have been identified by Adam.

In addition to the numerous factual witnesses who reside in Hawaii, it is reasonable to assume that there are also documents

10

and public records relevant to plaintiff's claims (both federal and common law) that are located in Hawaii. While those documents might readily be copied and used in litigation in this forum, their presence in Hawaii underscores the substantial interest that Hawaii has in the outcome of this case, which involves allegations of racial conspiracy, fraud, and breach of (insurance) contract committed by a Hawaiian corporation and an association created by the Hawaii state legislature. Because of its lack of almost any connection with the facts and parties to this case (other than the fact that Adam recently moved to this state), New Hampshire simply does not have the type of interest in the outcome that Hawaii does.

In short, the court concludes that the convenience of the many witnesses who are likely to be called in this matter (both those employed by defendants, and those who are not), the existence of documentary evidence in Hawaii, the strong interest Hawaii has in enforcing its own insurance law and common law of fraud and breach of contract, the ability of a Hawaiian federal court to more readily insure the presence of pertinent witnesses at trial, the greater familiarity with Hawaii common law

11

possessed by courts in that forum, and the possibility that a jury view of the Adam's former home and neighborhood would be helpful, all strongly counsel in favor of transferring this suit to the District of Hawaii to insure a fair, orderly, and cost-effective resolution of both Adam's federal and state common law claims against defendants.

While the court realizes that this will certainly impose a burden on Mr. Adam, that burden is not sufficient to justify trying his claims in this forum; the countervailing factors weighing in favor of transferring this case are too strong. Besides, as noted above, this court lacks personal jurisdiction over defendants, so litigating his claims against the defendants in this forum is not an option open to Adam.

## Conclusion

While Adam says he was ill-treated by defendants' agents, and his complaint raises some seemingly legitimate questions about defendants' decision to deny his insurance claim, this is simply not the proper forum in which to litigate claims arising out of an insurance contract entered into in Hawaii, between a

Hawaii resident and a Hawaiian insurance company, covering property located in Hawaii, and allegedly breached in Hawaii (or the related federal claims Adam says arise out of the same core of operative facts).

Plaintiff's motion for leave to file a sur-reply (document no. 16) is granted. Having considered that sur-reply (as well as Adam's original objection), however, the court holds that it may not, consistent with principles of due process and fundamental fairness, properly exercise personal jurisdiction over defendants. Moreover, even if the court did have personal jurisdiction over defendants, it concludes that, in the interest of justice, this matter should be transferred to the United States District Court for the District of Hawaii. See 28 U.S.C. §§ 1404(a), 1406. See also 28 U.S.C. § 1631.

For the foregoing reasons, as well as those set out in defendants' legal memorandum, defendants' motion to dismiss (document no. 9) is granted in part and denied in part. To the extent defendants move the court to transfer this proceeding to

13

the United States District Court for the District of Hawaii, it is granted.  In all other respects, it is denied.

The Clerk of Court shall transfer this matter to the United States District Court for the District of Hawaii and close the case.

**SO ORDERED.**

 

_____
Steven J. McAuliffe
Chief Judge

March 21, 2005

cc:  Richard Adam, pro se
     Donald J. Perrault, Esq.

14